United States District Court
Southern District of Texas
**ENTERED**
June 14, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWARD B. LYON, JR., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. H-23-0800 |
| | § | |
| BRYAN COLLIER, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed a lawsuit under 42 U.S.C. § 1983 against Texas Department of Criminal Justice ("TDCJ") officials Bryan Collier and Lynette Linthicum and the State Classification Committee ("SCC").[1]

Having screened the complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court **DISMISSES IN PART** plaintiff's claims for the reasons shown below.

### I.  BACKGROUND AND CLAIMS

Plaintiff is serving a life sentence under a 1987 Bowie County conviction for murder with a deadly weapon.  He states that for several years he was confined at the Ramsey Unit, where he ran a "thriving business" utilizing prison craft shop privileges to make and sell handmade items through a free-world friend's eBay account.

---

[1]Plaintiff's claims against defendant Joe Tovar were severed and transferred by this Court to the Northern District of Texas, Amarillo Division.  Plaintiffs claims against defendants Texas Board of Pardons and Paroles and Chairman Gutierrez were severed and transferred by this Court to the Western District of Texas, Austin Division.

Plaintiff states that in 2018 he began writing short articles for two publications addressing issues of general criminal, prison, and parole interest.  He acknowledges that some of his articles focused on TDCJ, but that "[n]one of [his] articles about the TDCJ or [T]BPP rise even close to the level of 'shouting fire in a crowded theater' or even muckraking.  They are well written and list sources for fact checking at the end of each that are clearly visible."  (Docket Entry No. 1, p. 13.)

Plaintiff further states that, in 2018 and 2019, TDCJ began evaluating prisoners for heat sensitivity and assigning them heat scores in response to federal heat-related prison litigation.  Prisoners with certain heat scores were deemed heat sensitive and were transferred to prison units with air conditioning or cool-bed housing.

Plaintiff's complaint indicates that these three factors – his craft shop privileges, journalism activities, and heat scores – collided commencing in December 2019 when he received his first heat score and was told it required his transfer to another unit.  Plaintiff did not want to lose his craft shop business at the Ramsey Unit or be sent to a cold unit.  A free-world friend contacted TDCJ defendant chief medical officer Lynette Linthicum and purportedly persuaded her to remove plaintiff's heat score in January 2020, and no transfer took place at that time.  However, following a subsequent heat score, defendant SCC determined that plaintiff was heat sensitive.  He was transferred to cool-bed housing at the Gib Lewis Unit in April 2021 where he was unable to continue his craft shop business.

2

Plaintiff disputed the heat score and requested a transfer back to the Ramsey Unit. He was temporarily transferred to the Bill Clements Unit in July 2021 and on August 9, 2021, was transferred back to the Ramsey Unit. However, on December 7, 2021, he was informed he again had a heat score requiring his transfer.[2] Plaintiff attempted to address the issue with defendant Linthicum through a certified letter and telephone calls placed by his free-world friend, but his letter was returned unopened and the friend was unable to reach Linthicum. In March 2022 he was transferred to the Allred Unit, where he currently remains confined.

Plaintiff claims in this lawsuit that his 2021–2022 transfers, and the denial of his requests to be returned to the Ramsey Unit, were reprisals for his journalism activities. The Court liberally construes plaintiff's allegations of reprisals as raising claims for retaliation. Plaintiff sues defendants Bryan Collier, Lynette Linthicum, and the SCC under section 1983 for alleged violations of his constitutional rights and retaliation. He seeks as judicial relief his immediate transfer to the Ramsey Unit with reinstatement of his craft shop privileges, and recovery of compensatory, economic, and punitive damages.

## II.  ANALYSIS

### A.    Sections 1915(e) and 1915A

Plaintiff's complaint is subject to screening under 28 U.S.C. §§ 1915A(b) and 1915A, which requires a district court to scrutinize claims in a civil action brought by a prisoner and

---

[2]Plaintiff acknowledges that computer algorithms automatically generate heat scores as new entries are made in a prisoner's medical records. He argues that the data can be manipulated by prison officials to obtain a desired heat score result.

3

dismiss the complaint, in whole or in part, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b), 1915A.  A reviewing court may dismiss a complaint for these reasons at any time on its own motion or on the motion of a party where the plaintiff proceeds *in forma pauperis*.  42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it lacks an arguable basis in law or fact. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quoting *Talib*, 138 F.3d at 213).   To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead facts sufficient to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must "raise a right to relief above the speculative level." *Id*. at 555.   Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a dismissal. *Taylor v. Books A Million, Inc*., 296 F.3d 376, 378 (5th Cir. 2002).

Pleadings filed by *pro se* litigants must be construed under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972).  Under this standard, a court liberally construes a document filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to raise a viable claim for relief. *Ashcroft v. Iqbal*,

4

556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

The United States Court of Appeals for the Fifth Circuit has explained that while *pro se* complaints are construed liberally, the court is still bound by the allegations of the complaint and is not free to speculate that the plaintiff "might" be able to state a claim if given yet another opportunity to amend the complaint. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). That is, the courts must liberally construe the allegations pleaded in a complaint, but they are not to create factual allegations or assume that the plaintiff can plead additional factual allegations to create a claim where one has not been raised. *See id.*

The Court notes that plaintiff's complaint in this lawsuit is pleaded in narrative form, and covers a multitude of events that occurred over the past five years at various prison facilities. The majority of his allegations and claims are not factually linked to defendant Collier, Linthicum, or the SCC. Because of this pleading format, it is unclear whether certain events have been pleaded as claims for relief or are mentioned solely as background information. Because plaintiff's *pro se* pleadings are afforded a liberal construction, the Court has reviewed and screened all of the incidents and factual allegations set forth in the complaint pursuant to 28 U.S.C. §§ 1915A(b) and 1915A.

B.      AMA Patient Bill of Rights

Plaintiff complains in general terms that prisoners are denied the rights afforded them under the American Medical Association ("AMA") Patient Bill of Rights.  Specifically, he alleges that his transfers to cool bed prison units constituted medical treatment that he was entitled to decline under the AMA Patient Bill of Rights.  Plaintiff claims that prison officials violated the AMA Patient Bill of Rights by not allowing him to refuse the transfers.

The AMA Patient Bill of Rights is a policy statement issued by the AMA and is not a legislative enactment.  The Court has not found any case authority supporting plaintiff's claim that the policy statement itself can be judicially enforced under Texas or federal law. Plaintiff's claims for violation of the AMA Patient Bill of Rights are **DISMISSED WITH PREJUDICE** for failure to state a viable claim for relief under section 1983.

C.      Official Capacity Claims

Plaintiff does not allege whether his claims against defendants Bryan Collier and Lynette Linthicum are brought against them in their individual or official capacities. A claim against a TDCJ official in his or her official capacity is a claim against TDCJ, and is thus a claim against the State of Texas.  *See Mayfield v. Tex. Dep't of Tex. Crim. Just.*, 529 F.3d 599, 604 (5th Cir. 2008).  Such claims are barred by sovereign immunity under the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

To the extent plaintiff brings official capacity claims against defendant Bryan Collier or Lynette Linthicum, the claims are barred by sovereign immunity under the Eleventh

6

Amendment and are **DISMISSED WITHOUT PREJUDICE**. *See id.*; *see also City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019).

    D.    <u>Defendant State Classification Committee</u>

    Plaintiff names the SCC as a defendant and seeks recovery of monetary compensation against it. The SCC is a state agency, and plaintiff's claims for monetary damages against the SCC are barred by sovereign immunity under the Eleventh Amendment. *See Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 154 (5th Cir. 1998); *Dietiker v. Collier*, No. 21-CV-00674, 2021 WL 5148023, at *3 (W.D. Tex. Oct. 14, 2021). "The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). Neither the state of Texas nor Congress has abrogated the state's sovereign immunity for purposes of claims brought under section 1983. *Id.*

    Plaintiff's claims against the SCC are **DISMISSED WITHOUT PREJUDICE** as barred by sovereign immunity under the Eleventh Amendment.

    E.    <u>Improper Venue</u>

    Plaintiff's narrative complaint sets forth numerous factual allegations regarding allegedly unlawful events that occurred at various times at the Gib Lewis Unit, the French Robertson Unit, the Ramsey Unit, and the Allred Unit. (Docket Entry No. 1, pp. 8, 9, 11,

12.) It is unclear whether plaintiff intended these allegations to raise claims for relief in this lawsuit.

To the extent plaintiff intended to raise separate claims for relief as to incidents occurring at the Gib Lewis Unit, the French Robertson Unit, the Ramsey Unit, and the Allred Unit, the claims did not arise within the United States District Court for the Southern District of Texas, Houston Division. The Gib Lewis Unit is located within the United States District Court for the Eastern District of Texas, Lufkin Division. The French Robertson Unit is located within the United States District Court for the Northern District of Texas, Abilene Division. The Ramsey Unit is located within the United States District Court for the Southern District of Texas, Galveston Division. The Allred Unit is located within the United States District Court for the Northern District of Texas, Wichita Division.

Because 42 U.S.C. § 1983 does not contain a specific venue provision, venue is determined under the general venue provision found in 28 U.S.C. § 1391(b). Under that provision, venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. If venue does not lie within a judicial district, the court "shall dismiss, or if it be in the interest of justice, transfer" the case to the proper district. 28 U.S.C. § 1406(a); *see Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

Because it is unclear whether plaintiff intended to raise these claims in this lawsuit, the claims are **DISMISSED WITHOUT PREJUDICE** to being pursued in a court of proper jurisdiction and venue.

Plaintiff's section 1983 claims are governed by the applicable two-year statute of limitations. To the extent limitations had not expired as to the claims at the time this lawsuit was filed, limitations is hereby **TOLLED FOR SIXTY DAYS** so that plaintiff may file, at his election, one or more new lawsuits in an appropriate court to pursue such claims.

F.     Challenges to Holding Conviction

Plaintiff further complains that he was unlawfully convicted and sentenced by a state judge who should not have accepted his guilty plea because the judge "had a first degree of affinity" to the murder victim. He concedes that the state and federal courts have uniformly rejected his argument. Plaintiff pleads no legal or factual relationship between his purportedly unlawful conviction and his claims for retaliatory transfers.

To any extent plaintiff is again challenging the validity of his 1987 Bowie County murder conviction, his claims sound in habeas and must be pursued, if at all, through a habeas proceeding filed in a court of proper jurisdiction and venue. Plaintiff's habeas claims challenging his conviction and sentence are **DISMISSED WITHOUT PREJUDICE**.

G.     Transfer to the Ramsey Unit

Plaintiff requests that he be transferred back to the Ramsey Unit so he can attempt to reinstate his craft shop privileges and earn money. Prisoners have no constitutional right to confinement in any particular prison unit, and plaintiff is not entitled to be transferred to the Ramsey Unit. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (recognizing that a prisoner has no liberty interest in being housed in any particular facility). As to plaintiff's

claims that he was transferred to other prison units in retaliation for his writing activities, he has requested recovery of monetary compensation.

Plaintiff's claim seeking transfer to the Ramsey Unit is **DISMISSED WITHOUT PREJUDICE** for failure to state a viable claim for relief under section 1983.

H.    <u>Miscellaneous Pending Motions</u>

Plaintiff's motion to proceed (Docket Entry No. 9) pleads new factual allegations and/or claims and can be liberally construed as an amended or supplemental complaint. Plaintiff has not been granted leave to amend or supplement his complaint, and the motion is **STRICKEN FROM THE RECORD**.

Plaintiff's motion for the Court to exercise pendent jurisdiction over any state law claims raised in this lawsuit (Docket Entry No. 10) is **DISMISSED WITHOUT PREJUDICE**.  Any issue of pendent jurisdiction will be addressed by the Court at the appropriate time in the due course of this litigation.  A separate motion requesting such relief is not necessary.

### III.  CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1.    Plaintiff's claims regarding denial of rights provided by the AMA Patient Bill of Rights are **DENIED WITH PREJUDICE** for failure to state a viable claim under section 1983.

2.    Plaintiff's claims against Bryan Collier and Lynette Linthicum in their official capacities are **DISMISSED WITHOUT PREJUDICE**.

3.      Plaintiff's claims against the State Classification Committee are **DISMISSED WITHOUT PREJUDICE**.

4.      Plaintiff's claims that arose at the Gib Lewis Unit, the French Robertson Unit, the Ramsey Unit, and the Allred Unit are **DISMISSED WITHOUT PREJUDICE**.

5.      Plaintiff's federal habeas claims challenging the validity of his state court conviction and sentence are **DISMISSED WITHOUT PREJUDICE**.

6.      Plaintiff's claim for transfer to the Ramsey Unit is **DISMISSED WITHOUT PREJUDICE**.

7.      Plaintiff's motion to proceed (Docket Entry No. 9) is **STRICKEN FROM THE RECORD**.

8.      Plaintiff's motion for the Court to exercise pendent jurisdiction (Docket Entry No. 10) is **DISMISSED WITHOUT PREJUDICE**.

9.      Plaintiff's remaining claims against defendants Bryan Collier and Lynette Linthicum in their individual and/or supervisory capacities will be carried forward with the case, subject to additional screening through an order for a more definite statement.

10.     This is an **INTERLOCUTORY ORDER**.

Signed at Houston, Texas, on this the _14th_ day of June, 2024.


_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

11